IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) |
| v. | ) Case No. 08-CR-113 ) ) ) |
| KELLY A. GARCIA, | ) ) ) |
| Defendant. | ) ) ) |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER REQUEST TO SERVE HOME CONFINEMENT

INTRODUCTION

On May 20, 2009, this Court sentenced Kelly A. Garcia to six months in prison for violating federal copyright laws. (R. 18). On May 28, 2009, Garcia filed a motion to extend her voluntary surrender date, which was set for June 17, 2009. (R. 22). On May 29, 2009, the Court granted her request to extend her voluntary surrender date and set voluntary surrender for July 17, 2009. (R.22).

On July 2, 2009, Garcia filed a motion asking the Court to reconsider her sentence. (R. 25). Specifically, she requests that her six-month prison sentence be commuted to a six- month sentence of home confinement. In support of her position, Garcia submitted a two-page affidavit describing her medical condition and the condition of several family members. (R. 26). For the reasons set forth below, the government opposes Garcia's request to commute her sentence to home confinement.

## UNITED STATES' POSITION

The government is opposed to Garcia's request to commute her sentence to home confinement.  First, at Garcia's sentencing hearing, the Court heard about her medical history and was not persuaded that home-confinement was appropriate in this case.  Specifically, the presentence report described in detail her medical history and current medical condition.  (R. 11, ¶ 58).  Further, Garcia argued that her medical situation warranted a term of probation and not incarceration.  (R. 28, p. 6).  The Court, in its oral pronouncement at sentencing, noted her long history of poor health, and concluded based on all sentencing factors that a sentence of six months was appropriate to achieve the goals of sentencing.  (R. 28, p. 8).  Moreover, the Bureau of Prisons is well equipped to handle Garcia's medical needs.  While there could be a brief interruption of her current medical treatment, the Bureau of Prisons will assess her medical needs and assign her to the appropriate facility.

Next, Garcia contends that it would be an extreme hardship on her family if she serves her term of confinement in a correctional facility.  While it is true that her family members have significant physical impairments, her situation does not warrant a sentence of home confinement.  Again, the probation officer set forth in the presentence report Garcia's brother's mental disability and mother's physical disability.  (R. 11, ¶¶ 50-51).  While they have special needs, Garcia has not made an adequate showing that her presence is vital to their care.  Other than Garcia's affidavit, there is limited information as to the undue hardship on her family if she is incarcerated.  In any event, the defendant has other siblings who could assist in helping the family during Garcia's

brief period of incarceration. While this may not be an ideal situation, it does not amount to an extreme hardship on her family.[1]

Third, a sentence of home-confinement would deprecate the seriousness of the offense. Here, a conservative estimate of the infringement amount was $85,000. Given the significant amount of loss and her three-year involvement in this illegal activity, a sentence of incarceration is reasonable to deter Garcia and others who engage in this conduct. Moreover, Garcia's six-month sentence was well below her sentencing guideline range of 12 to 18 months. (R. 11, ¶ 69).

Lastly, it is dubious whether the Court has jurisdiction to hear Garcia's motion. Federal Rule of Criminal Procedure 35(a) states that within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error. Here, there was no arithmetical, technical or other clear error. In essence, Garcia is asking the district court to reconsider his sentence in light of her medical condition and family circumstances. This is a request for the district court to revisit its discretionary decision-making. Such a request is outside the scope of Rule 35(a) and the district court lacks authority to grant such a request. See *United States v. Dumont*, 936 F.2d 292, 294 (7th Cir. 1990) and *United States v. Porretta*, 116 F.3d 296, 300 (7th Cir. 1997). Moreover, the advisory committee notes to Rule 35 (1991 Amendments) caution that:

> The authority to correct a sentence under (subsection (a)), is intended to be

---

[1] In her affidavit Garcia also states that her brother has been moved to hospice care in Tulsa, Oklahoma, and has six months to live. The PSR indicates that Garcia's half-brother, Victor Lebryk, does not maintain contact with the family and that his whereabouts are unknown. (R. 11, ¶ 51).

very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in remand of the case to the trial court (following appeal).  The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence.  Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.  Furthermore, the Committee did not intend that the rule relax any requirement that the parties state all objections to a sentence at or before the sentencing hearing.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's motion to reconsider her request to serve her sentence in home confinement.

Dated this 9th day of July 2009.

Respectfully submitted,

STEPHEN P. SINNOTT
Acting United States Attorney

By:_____/s/_____

DAVID J. REINHARD
Assistant United States Attorney